UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ALBERTO SOLER-SOMOHANO,

    Petitioner,

v.                                Case Nos. 5:05-cv-438-Oc-10GRJ
                                              5:05-cv-497-Oc-10GRJ
                                              5:06-cv-010-Oc-10GRJ

WARDEN FCC COLEMAN - LOW, et al.,

    Respondents.

## **ORDER DISMISSING CASES**

Petitioner, a Cuban national presently incarcerated at FCC Coleman, initiated these cases challenging the Bureau of Prison's execution of his sentence and the impact on his sentence created by a Bureau of Immigration and Customs Enforcement (BICE) detainer. Case number 5:05-cv-497 was initiated in this Court pursuant to 28 U.S.C. § 2241 while cases 5:05-cv-438 and 5:06-cv-010 were initiated in the Orlando Division of this Court and in the District of Columbia, respectively, and then transferred to this Court. Case number 5:05-cv-438 also was filed pursuant to 28 U.S.C. § 2241; case number 5:06-cv-010 was initiated as a civil rights case but construed by the transferring court as a § 2241 petition.[1] Each case challenges BOP regulations and policies that make Petitioner ineligible for

---

[1] Petitioner had filed the case pursuant to FOIA but also raised sentence-execution claims; the District of Columbia.

placement in a Community Corrections Center (CCC) and possible sentence reduction following completion of a residential drug abuse program (RDAP) because of the BICE detainer that is lodged against Petitioner. Petitioner also challenges the BOP's compliance with the Administrative Procedure Act in promulgating its regulations.

On January 23, 2006, the Magistrate Judge issued an Order (Doc. 5) requiring Petitioner to show cause why these cases should not be dismissed as barred by <u>res judicata</u>. The Magistrate Judge noted that Petitioner had raised these same claims in a § 2241 petition in the United States District Court for the Northern District of Florida, Pensacola Division, styled as <u>Soler v. Warden</u>, case number 3:03-cv-515.[2] That case was decided on the merits adversely to Petitioner on October 11, 2005. The Magistrate Judge also required Petitioner to show cause as to why he should not be sanctioned for failing to advise the Court of the pendency of the other case.

Petitioner has filed a response to the show cause order (Doc. 6) arguing that these cases should be consolidated and not dismissed, or at the very least case number 5:05-cv-497 should be allowed to proceed because it raises an additional claim that the BOP has retaliated against him for filing cases. Petitioner contends that he should not be sanctioned for failing to disclose his other cases because the Court's § 2241 forms do not clearly require such disclosure.

---

[2] Petitioner was incarcerated in the Northern District at the time the case was filed.

The Northern District plainly rejected Petitioner's claims on the merits. The Court noted that 18 U.S.C. § 3621 grants the BOP the unfettered discretion in designating a prisoner's place of incarceration and gives the BOP authority to grant early release in appropriate cases, but does not create a constitutionally protected liberty interest in early release. Soler, 3:03-cv-515, Doc. 85-1 at 6. The Court determined that the BOP's refusal to grant CCC placement and sentence reductions to prisoners with immigration detainers was not an unreasonable interpretation of § 3621 and § 3624(c), which governs pre-release custody. Id. at 7. The Court determined that it is reasonable for the BOP to treat immigration detainees and non-citizen inmates differently than other inmates with respect to community-based programs because immigration detainees and non-citizens may pose a greater flight risk. Id. at 8-9. The Court rejected Petitioner's argument that the BOP's application of its regulations and policy statements to him violated the Ex Post Facto clause. Id. at 9-10. The Court found that the version of the CCC regulations (28 C.F.R. §§ 550.58 and 524.13) applied to Petitioner satisfied the requirements of the APA. Id. at 12-13. Finally, the Court rejected Petitioner's argument that the BOP violated § 553(e) of the APA by failing to act on Petitioner's request to institute rulemaking proceedings because such a challenge must be filed pursuant to the judicial review provisions of the APA and not by way of a 28 U.S.C. § 2241 habeas corpus petition. Id. at 13-14.

Petitioner contends that the Northern District case does not constitute res

judicata as to his cases pending in this Court because the Northern District case "did not address the early-release claims as applied to the specific aliens, Cubans," whom Petitioner contends do not pose a flight risk, and because the Northern District did not address the merits of some of his APA claims because the Court determined that such claims were not cognizable under § 2241. Petitioner's arguments amount to nothing more than a disagreement with the Northern District's disposition of his claims, which Petitioner should have pursued in an appeal from that decision. Instead, Petitioner has asserted the same claims in different courts in an effort to obtain a different result.

Accordingly, except to the extent that Petitioner seeks to assert a retaliation claim in this Court in case number 5:05-cv-497, the Court concludes that Petitioner's cases pertaining to his eligibility for CCC and early release are barred by the doctrine of res judicata because such claims were litigated or could have been litigated in the Nothern District of Florida case. See Hughes v. Lott, 350 F.3d 1157, 1161 (11th Cir. 2003). To the extent that Petitioner intends to pursue a retaliation claim, such a claim is properly brought by way of a civil rights case and not pursuant to a § 2241 petition.

Petitioner's argument that this Court's § 2241 petition form did not require him to disclose his other cases is frivolous. Petitioner utilized a Petition form in the case most recently initiated in this Court, case number 5:05-cv-497. See Doc. 1. The form, which Petitioner executed under penalty of perjury, requires Petitioners to state

whether the grounds for relief were presented "in any other administrative or judicial proceeding." Petitioner's failure to comply with this requirement and thereby putting the Court to the burden of searching out his past cases is also grounds for dismissal.

For these reasons, the above-styled cases are hereby **DISMISSED with prejudice**, except with respect to Petitioner's retaliation claim as to which this dismissal is without prejudice. The Clerk shall enter the judgments accordingly, terminate any pending motions, and close the files.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 24th day of February 2006.

UNITED STATES DISTRICT JUDGE

c:   Alberto Soler-Somohano